Frank **KROMAREK** and Inez Kromarek,
Appellants,

v.

**UNITED STATES** of America et al.,
Appellees.

No. 71-1454.

United States Court of Appeals,
Eighth Circuit.

Submitted April 11, 1972.

Decided April 17, 1972.

Harry L. Malloy, Dickinson, N. D., filed appendix and brief for appellants.

R. J. Bloedau, Mott, N. D., filed brief for appellee, The Bowman County Water Management District.

Kent Frizzell, Asst. Atty. Gen., George R. Hyde, and Larry G. Gutterridge, Attys., Dept. of Justice, Washington, D. C. and Harold O. Bullis, U. S. Atty. and Eugene K. Anthony, Asst. U. S. Atty., Fargo, N. D., filed brief for United States.

Before VAN OOSTERHOUT, ME-HAFFY and STEPHENSON, Circuit Judges.

PER CURIAM.

Appellants Kromarek brought suit against the United States under the Federal Tort Claims Act, 28 U.S.C.A. § 1346, for damages suffered in the loss of a flowing spring and well located on their farm.[1] The farm is adjacent to land on which the Bowman-Haley Dam and reservoir was constructed. Appellants allege the damage was caused as the proximate result of wrongful acts, omissions, and negligence on the part of the defendants and their agents and employees during the building of the dam. The United States brought in the contractor as a third party defendant. The District Court, Judge Register, denied a motion to dismiss, but after a four day trial on the merits ruled that the plaintiffs failed to meet the burden of proving negligence at the operational level by a fair preponderance of the evidence. A study of the entire record supports the court's opinion and an affirmance is in order.

Appellants contended that in June of 1966 the United States ditched and dredged while constructing the dam's spillway located approximately one half mile from their well and spring. Appellants alleged that in the process of excavation the United States severed an ac-

---

1. Appellants brought a second cause of action based on fraud in the transfer of property for the project. The District Court ruled in favor of the defendant and the issue is not pressed on appeal.

quifier, diverted the flow of subterranean waters, and reduced the hydrostatic pressure of the water feeding their spring thereby causing their water supply to be reduced in quantity and quality. Appellants sought damages in the amount of $25,067.70, plus interest of 4% from June 15, 1966.

The standard of negligence to be applied is that of the State of North Dakota. 28 U.S.C.A. § 1346(b). The court in an unreported opinion held:

"Plaintiffs have failed to prove by a fair preponderance of the evidence any negligence or wrongful acts on the part of the defendant . . . that proximately caused the asserted damage to plaintiffs. . . ."

The standard of review by this court is whether or not that finding is clearly erroneous.

We have carefully examined the record and are satisfied that the trial court's decision was not induced by any erroneous view of the applicable law and that the trial court's factual determination that appellants have failed to establish any negligence on the part of the United States which proximately caused appellants' damage is supported by substantial evidence.

Affirmed.